March 6, 1911.

———————o———————

5204.

(Court of Appeal, Parish of Orleans.)

### HENRY S. ROBERTS vs. FRANK B. THOMAS.

A broker is entitled to his commission when he has found a responsible buyer on the terms proposed and he cannot be deprived of it by the voluntary release of the buyer by the seller.

Appeal from the Civil District Court, Division "D."

H. W. Kaiser, for plaintiff and appellee.

Dinkelspiel, Hart & Davey, for defendant and appellant.

DUFOUR, J.—The plaintiff sued the defendant for a brokerage commission and obtained judgment as prayed for.

The appellant complains that the judge was powerless to allow an amendment after the exception of no cause of action was maintained and, further, that the amendment changed the issue.

The transcript does not show that the exception was **maintained**, the entry is that "it is ordered by the court that said exception be submitted and the right reserved to plaintiff to amend within five days."

The supplemental petition does not change the issue but merely amplifies the grounds of liability set forth. The present tendency is to allow amendments.

### 47 An. 107; Reuther vs. Milling Co., 6 Court of Appeal 389.

On November 7, 1908, the plaintiff obtained from A. C. Van Horn the following document;

"You are hereby authorized to sell my improved property, known as 2127 Milan Street, for the sum and price of $6,600, net to me. It is understood and agreed that your client is to pay your commissions, taxes for year 1908 and costs of certificates of transfer. This authorization to hold good until November 15th."

On the same day, between the hours of five and six in the afternoon, the defendant signed the following instrument addressed to "H. S. Roberts, broker."

— 211 —

"I hereby offer you $6,600 for property known as 2127 Milan Street, I to assume the obligation of the present owners in Security Building and Loan Association. I further agree to pay you a broker's commission of $130 and to pay costs of certificate of transfer and to pay City and State taxes for 1908. Your client to furnish a good title to said property; this offer to hold good until 6 P. M. November 7, 1908. The owner is to fill up the lot to grade and complete the water and sewerage connections, and to furnish a toilet in bathroom and servant's quarters, and to complete plumbing at his expense."

Before 6 P. M. of the same day, Robert's wrote at the bottom of the instrument as follows, and signed the same:

"I, the agent of A. C. Van Horn, the owner, hereby accept the above offer."

The appellant's contention now is that,

"the agreement with Mr. Thomas imposes upon Mr. Van Horn obligations not mentioned in the authority to sell,"

that, hence, his acceptance was necessary and he did not accept the offer until November 9th, or after the time limit fixed by Mr. Thomas.

The answer to the contention is that in accordance with previous negotiations during which they had been discussed the alleged new obligations were either already attended or being attended to, to the knowledge of the defendant.

They were clearly within the contemplation of the parties at the time, and Van Horn admits that Roberts, under his instructions, was fully authorized to accept Thomas' proposition. Van Horn's personal acceptance was, therefore, an unnecessary formality.

When, on November 9th., defendant asked to be released from his obligation to purchase, Roberts referred him to Van Horn, insisting however upon Thomas' liability to him for his commission in any event.

When Thomas applied to Van Horn, the latter, according to his own testimony, told him:

"I told him that I would release him if he took care of Mr. Roberts and he said he would do so."

On this point, the appellant urges that, as the sale was not completed and executed, no brokerage is due; his view of the law is erroneous.

A broker is entitled to his commission when he has found a responsible buyer on the terms proposed and he cannot be deprived of it by the voluntary release of the buyer by the seller.

**4 Court of Appeal 65; Ibid 348** and authorities therein cited.

We find no legal ground for absolving defendant from the obligation voluntarily assumed in writing by him and insisted upon by Roberts and Van Horn both at the time of the release from the purchase.

Judgment affirmed.

March 6, 1911.

Rehearing refused, April 3, 1911.